JOANA MELTON, ET AL., *v.* WILLIAM M. CAIGILL, ET AL.

**Trustee—Title in Trustee—Equity.**

> Where a trustee has been invested with the legal title to real estate the beneficiaries of the trust cannot maintain an action of ejectment to recover the land. They must resort to a court of equity to enforce their claims.

**Equity.**
> Where purchasers of real estate, believing their title secure, have placed valuable improvements thereon, it would be inequitable to permit those claiming title to secure such improvements.

### APPEAL FROM GRAVES CIRCUIT COURT.

#### November 19, 1874.

Opinion by Judge Pryor:

The trustee, Caigill, having been invested with the legal title, we cannot well see how the beneficiaries of the trust can maintain the action of ejectment for the recovery of the land or lot in controversy. In fact, they have no legal remedy, and must resort to a court of equity to enforce their claim. When coming into a court of equity asking relief, they must be required to do equity, and ought not to ask the aid of the chancellor in giving them several thousand dollars expended by others in improving their property, worth not exceeding $350. The improvements made upon the lot were placed upon it in good faith, and with the sanction of a court of equity. The purchasers believed they had acquired a perfect title, not only by reason of the action of the trustee who was invested with the legal title, but by the judgment of the court confirming his acts in the premises. A fair price was paid for the lot and there was no proof of fraud or unfair dealing connected with the transaction. The purchasers have made lasting and valuable improvements in buildings erected on the ground purchased, of the value of several thousand dollars, when the lot itself was not worth exceeding $350.

Under such a state of facts it would be unconscientious, as well as inequitable, to give the appellants these improvements or their interest therein without any compensation to the appellees. A court of law has closed its doors to any such relief, and they now make this unjust and unconscientious demand of a court of equity. The chancellor will not listen to such an appeal. The appellants must either pay the appellee the enhanced value of this lot by reason of the improvements made upon it, or take the money in the hands of the trustee paid on the purchase confirmed by the judgment. They should be required to elect, and if they elect to take the money in the hands of the trustee, their remedy is against him and his sureties. The proof shows the sureties are amply able to pay the debt. If they elect to pay the enhanced value of the lot by reason of the improvements to the extent of their interest, they will be allowed to do so, and when the money is paid a reconveyance should be or-

dered. The court will fix the value on the basis that Mrs. Melton has a life estate in the lot. If the appellees elect to take the lot, the purchasers will be entitled to the purchase money in the hands of the trustee.

The judgment of the court below is *reversed,* and cause remanded for further proceedings consistent with this opinion.

*R. K. Williams, for appellants.*
*L. Anderson, for appellees.*